UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENEZUELA US SRL,<br><br>       Petitioner,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Respondent. | Civil Action No. _____ |

## DECLARATION OF ELLIOT FRIEDMAN

I, Elliot Friedman, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice before this Court and a partner with the law firm Freshfields Bruckhaus Deringer US LLP.  I am counsel for Petitioner Venezuela US SRL ("VUS" or "Petitioner").  I make this declaration based on my personal knowledge, my review of the record of the underlying arbitration, and the exhibits attached to this Declaration.

2. I respectfully submit this declaration in support of Petitioner's Petition to Recognize and Enforce a Foreign Arbitral Award (the "Petition").  The Petition seeks the recognition and enforcement of an arbitral award rendered in favor of VUS against the Bolivarian Republic of Venezuela ("Venezuela" or "Respondent").  The underlying arbitration was conducted under the Agreement between the Government of Barbados and the Republic of Venezuela for the Promotion and Protection of Investments, July 15, 1994, 1984 U.N.T.S. 181 (the "Treaty") and the 1976 Arbitration Rules of the United Nations Commission on International Trade Law (the "UNCITRAL Rules"), and was administered by the Permanent Court of Arbitration (the "PCA").  The arbitration was captioned *Venezuela US, S.R.L. v. The*

*Bolivarian Republic of Venezuela*, PCA Case No. 2013-34 (the "Arbitration") and resulted in a Final Award dated November 4, 2022 (the "Final Award").

3. A true and correct copy of the Final Award, certified by the PCA, is attached to this Declaration as Exhibit A.[1]  The Final Award incorporates an Interim Award on Jurisdiction dated July 26, 2016 (the "Interim Award") and a Partial Award (Jurisdiction and Liability) dated February 5, 2021 (the "Partial Award").  *See* Ex. A (Final Award), ¶ 6.  True and correct copies of the Interim Award and the Partial Award are attached to this Declaration as Exhibits B and C, respectively.[2]

4. A true and correct copy of the Treaty is attached to this Declaration as Exhibit D. A true and correct copy of the UNCITRAL Rules is attached to this Declaration as Exhibit E.

5. The Arbitration arose out of VUS's investment in Petroritupano S.A. ("Petroritupano"), a Venezuelan *empresa mixta*, or "mixed company," that holds rights to the production from a particular oil field in Venezuela.  The shareholders of Petroritupano are (*i*) Corporación Venezolana del Petróleo, S.A. ("CVP"), an affiliate of Venezuela's state-owned oil company, Petróleos de Venezuela S.A. ("PDVSA"); (*ii*) Petrobras Energía S.A. ("Petrobras"), which was at the relevant time a subsidiary of Brazil's state-controlled oil company; and (*iii*) VUS, now an affiliate of Delaware company Occidental Petroleum.  *See* Ex. C (Partial Award), ¶¶ 91, 180.  CVP is the majority shareholder, owning 60% of Petroritupano, while Petrobras and VUS own the remaining 22% and 18% of Petroritupano, respectively.  *See id.* at ¶ 91.

---

[1] The Final Award was rendered in both English and Spanish.  Attached as Exhibit A is the English version of the Final Award.

[2] The Interim Award and the Partial Award were rendered in both English and Spanish. Attached as Exhibits B and C are the English versions of the Interim Award and the Partial Award.

6. VUS commenced the Arbitration by way of a Notice of Arbitration dated March 22, 2013. A true and correct copy of VUS's Notice of Arbitration dated March 22, 2013 is attached to this Declaration as Exhibit F. In the Notice of Arbitration, VUS accepted Venezuela's standing offer to arbitrate, contained in Article 8 of the Treaty. *See* Ex. F (Notice of Arbitration), ¶¶ 21–26; Ex. B (Interim Award), ¶ 3. In the Arbitration, VUS alleged that Venezuela had breached the Treaty by expropriating VUS's investment, failing to provide VUS's investment with fair and equitable treatment, subjecting VUS's investment to arbitrary or discriminatory conduct, and violating the Treaty's "umbrella" clause. *See* Ex. C (Partial Award), ¶¶ 167–72, 213, 225–29, 238–41.

7. On November 13, 2013, an arbitral tribunal (the "Tribunal") was constituted to preside over the Arbitration. The Tribunal consisted of L. Yves Fortier (appointed by VUS), Gabriel Bottini (appointed by Venezuela), and H.E. Judge Peter Tomka (appointed as the presiding arbitrator pursuant to the agreement of the parties). *See id.* at ¶¶ 5, 10–11. Following VUS's successful challenge of Mr. Bottini, Venezuela appointed Professor Marcelo Kohen as substitute arbitrator on January 18, 2016. *See id.* at ¶¶ 41–44. The Arbitration was seated in The Hague, Netherlands. *See* Ex. A (Final Award), p. 39 (noting that the "[p]lace of arbitration" is "The Hague").

8. VUS and Venezuela both participated fully in the Arbitration, each submitting hundreds of pages of briefing and thousands of pages of exhibits and legal authorities. The proceedings were divided into three phases. First, the Tribunal considered Venezuela's objection that the Tribunal lacked jurisdiction because Venezuela had not consented to arbitrate. *See* Ex. B (Interim Award), ¶¶ 21, 23, 45. Following briefing from both parties and a one-day hearing on jurisdiction, *see id.* at ¶¶ 33–35, 38–39, the majority of the Tribunal, composed of Judge Tomka

and Mr. Fortier, issued the Interim Award dismissing Venezuela's objection. The majority found that Venezuela had given "'its unconditional consent' . . . to the submission of investment disputes with Barbadian investors" such as VUS "to international arbitration." *Id.* at ¶ 109 (quoting Ex. D (Treaty), art. 8(4)); *see also* Ex. B (Interim Award), ¶¶ 127–30.[3]

9. After dismissing Venezuela's objection to the Tribunal's jurisdiction based on consent, the proceedings moved to Venezuela's remaining objections to the Tribunal's jurisdiction and to the merits. Following additional briefing from the parties and a two-day hearing on jurisdiction and liability, *see* Ex. C (Partial Award), ¶¶ 40, 53, 63–64, 70, the Tribunal issued the Partial Award finding that (*i*) it had jurisdiction, (*ii*) Venezuela had breached its obligation under Article 2 of the Treaty by discriminating against VUS's investment, and (*iii*) Venezuela was liable to pay compensation to VUS for the breach of the Treaty in an amount to be determined in the quantum stage of the proceeding. *See id.* at ¶ 258.[4] Specifically, the Tribunal found that Venezuela had instructed Petroritupano to pay dividends for fiscal years 2008 and 2009 to Petrobras in 2011, shortly before Venezuela's then-President Hugo Chávez was to visit Brazil to discuss cooperation in energy matters. *See id.* at ¶¶ 217–22. Venezuela did not, however, instruct Petroritupano to make a corresponding payment of dividends to VUS, and so VUS never received its dividends for those years. *See id.* at ¶ 224. This, the Tribunal found, was discrimination in violation of VUS's Treaty rights. *See id.*

10. The proceedings subsequently moved to the determination of quantum. The parties both submitted additional briefing and expert reports on the amount of compensation due and the applicable rate of interest, and the Tribunal held a two-day hearing in February 2022

---

[3] Professor Kohen issued a dissenting opinion, which is included within Exhibit B to this Declaration.

[4] Professor Kohen joined the Partial Award subject to an attached declaration, which is included within Exhibit C to this Declaration.

4

during which the expert witnesses for both sides were cross-examined. *See* Ex. A (Final Award), ¶¶ 11, 13–14, 19, 31.  On November 4, 2022, the Tribunal issued the Final Award, which ordered Venezuela to pay VUS US$ 58,870,898 in nominal compensation for Venezuela's breach of the Treaty. *See id.* at ¶ 107(1).  The Tribunal also ordered Venezuela to pay pre-award interest in the amount of US$ 46,624,436 and post-award interest at a rate of twelve-month USD LIBOR plus 4%, with annual compounding of the accrued interest.  *See id.* at ¶¶ 107(2)–107(3).  If the twelve-month USD LIBOR rate ceases to be operative while any amount under the Final Award remains outstanding, then "the interest due shall be calculated from that date onward on the basis of whatever rate is generally considered equivalent to twelve-month USD LIBOR plus a margin of four percent (4%) with annual compounding." *Id.* at ¶ 107(4).[5]

11. Finally, the Tribunal ordered Venezuela to bear 70% of VUS's costs of arbitration and costs of legal representation, for a total of EUR 615,056.47 and US$ 3,215,534.99, with simple interest at a rate of 6% beginning one month following the date of the Final Award until the date of full payment. *See id.* at ¶¶ 106, 107(7).

12. The Final Award is final and binding on the parties.  As of December 27, 2022, the full value of the Final Award is US$ 109,082,897.14 and EUR 617,280.78.  These amounts are composed of: (*i*) US$ 58,870,898 in compensation for Venezuela's breach of the Treaty, (*ii*) US$ 46,624,436 in pre-award interest, (*iii*) US$ 360,399.37 in post-award, prejudgment interest on the compensation for Venezuela's breach of the Treaty, (*iv*) US$ 3,215,534.99 in legal fees, (*v*) US$ 11,628.78 in post-award, prejudgment interest on legal fees,

---

[5] In order to prevent double recovery, the Tribunal ruled that if Petroritupano or CVP paid the amounts due under paragraphs 107(1) to 107(4) of the Final Award within two months of the date of the Final Award, then VUS would be prevented from seeking enforcement of those amounts.  *See* Ex. A (Final Award), ¶ 107(5).  Similarly, once Venezuela complies with the Final Award, VUS will be precluded from requesting payment from Petroritupano or CVP.  *See id.* at ¶ 107(6).

(*vi*) EUR 615,056.47 in arbitration costs, and (*vii*) EUR 2,224.31 in post-award, prejudgment interest on arbitration costs.

13. Venezuela has not paid VUS any portion of the Final Award. VUS has also not received any part of the Final Award from Petroritupano or CVP.

14. No prior application for this or similar relief has been made to this District Court.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2022          By:      /s/ Elliot Friedman
            New York, New York                  Elliot Friedman (D.C. Bar No. NY0106)
                                                FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                                601 Lexington Avenue, 31st Floor
                                                New York, New York 10022
                                                Telephone: (212) 277-4000
                                                Facsimile: (212) 277-4001
                                                elliot.friedman@freshfields.com

                                                *Attorney for Petitioner Venezuela US SRL*