

Freshfields Bruckhaus Deringer US LLP



New York

601 Lexington Avenue, 31st Floor
New York, NY 10022

Elliot Friedman
T +1 (212) 277-4000
T +1 (212) 230-4666 (direct)
F +1 (646) 465-7466
E elliot.friedman@freshfields.com

freshfields.us

**By Mail**

June 30, 2023

U.S. Department of State
L/CA/POG/GC, SA-17, 10th Floor
Washington, DC 20522-1710
Attn: FSIA

**Re: Request for Service of Process on Respondent Bolivarian Republic of Venezuela in *Venezuela US SRL v. Bolivarian Republic of Venezuela*, Civil Action No. 1:22-cv-03822 (JMC) (D.D.C.)**

To Whom It May Concern:

We represent Petitioner Venezuela US SRL ("VUS") in the above-captioned matter. We write respectfully to request that you take all necessary steps pursuant to 28 U.S.C. § 1608(a)(4) to effect service on the Respondent Bolivarian Republic of Venezuela ("Venezuela") under the Foreign Sovereign Immunities Act ("FSIA").

Diplomatic service under 28 U.S.C. § 1608(a)(4) is necessary in this case because the other prescribed methods of service under the FSIA are not available or have been unsuccessful.

Section 1608(a) provides four methods of service on a foreign sovereign, in descending order of preference. The first method of service allows for delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). As no "special arrangement for service" exists between VUS and Venezuela, this method of service is unavailable.

The next prescribed method of service is "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). As set forth below, VUS has attempted, unsuccessfully, to serve Venezuela pursuant to 28 U.S.C. § 1608(a)(2):

- VUS attempted to serve Venezuela pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), to which the United States and Venezuela are both parties. On January 23, 2023, VUS dispatched via DHL all materials required to effect service under the Hague Service Convention, including Spanish translations, to Venezuela's Central Authority. The package arrived in Venezuela on January 27,





Freshfields Bruckhaus Deringer is an international legal practice operating through Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP, Freshfields Bruckhaus Deringer (a partnership registered in Hong Kong), Freshfields Bruckhaus Deringer Law office, Freshfields Bruckhaus Deringer Foreign Law Office, Studio Legale associato a Freshfields Bruckhaus Deringer, Freshfields Bruckhaus Deringer Rechtsanwälte Steuerberater PartG mbB, Freshfields Bruckhaus Deringer Rechtsanwälte PartG mbB and other associated entities and undertakings. For further regulatory information please refer to www.freshfields.com/support/legal-notice.




2023. DHL twice attempted to deliver the package, on January 31 and February 1, 2023, but Venezuela's Central Authority refused to accept the package.

- VUS then attempted service under the Inter-American Convention on Letters Rogatory and the Additional Protocol to the Inter-American Convention on Letters Rogatory (together, the "IACAP"), to which the United States and Venezuela are both parties. The Court granted the Motion for Issuance of a Letter Rogatory on March 28, 2023 and issued the Letter Rogatory on the same date. On April 4, 2023, VUS sent the letter rogatory and all required documents and translations to ABC Legal Services, the U.S. Central Authority's designated contractor for effecting service under the IACAP. ABC Legal Services dispatched via DHL the requisite documents to Venezuela, and the service package arrived in Venezuela on April 22, 2023. DHL attempted delivery on April 25 and 27, 2023, but the Venezuelan Central Authority refused to accept the package. A Certified International Specialist from DHL confirmed that the package could not be delivered because the Venezuelan Central Authority is not receiving packages originating from the United States. ABC Legal has also confirmed, in a declaration filed with the Court hearing this action, that it has "had difficulty in getting service of process packages delivered to the Venezuelan Central Authority in several other cases" in the past three years. *See* Decl. of Karen Adams, *Venezuela US SRL v. Bolivarian Republic of Venezuela*, Civil Action No. 1:22-cv-03822 (JMC) (D.D.C), ECF No. 10-3.

VUS's efforts to serve Venezuela under 28 U.S.C. § 1608(a)(2) have therefore been unsuccessful.

The next possible method of service under the FSIA is via "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). This method is unavailable here because Venezuela formally objected to service by mail when it acceded to the Hague Service Convention.

The only remaining avenue for service on Venezuela is via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). VUS must effect service "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services." 28 U.S.C. § 1608(a)(4). The Secretary of State "shall transmit one copy of the papers through diplomatic channels to [Venezuela] and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4).

In accordance with 28 U.S.C. § 1608(a)(4), VUS now respectfully transmits to the U.S. Department of State two copies of the following items for service on Venezuela (in both English and Spanish): (1) Summons issued by the Court; (2) Petition to Recognize and Enforce a Foreign Arbitral Award; (3) Declaration of Elliot Friedman and its Exhibits A–F; (4) Proposed Order; (5)










Civil Cover Sheet; (6) Request for Summons; (7) Certificate under Rule LCvR 26.1; (8) Notice of Right to Consent to Trial Before a United States Magistrate Judge; and (9) Notice of Suit, attaching copies of the Foreign Sovereign Immunities Act.

Petitioners are transmitting the package containing these documents, which has been reviewed and sealed by the Clerk of the Court, directly to the U.S. Department of State because this method is required by the United States District Court for the District of Columbia's Attorney Manual for Service of Process on a Foreign Defendant.

We have also enclosed a cashier's check in the amount of $2,275.00, which satisfies the service fee due and payable to the U.S. Department of State.

We respectfully request that you please take the necessary steps to dispatch the materials to effect service on Venezuela under 28 U.S.C. § 1608(a)(4). Your assistance in this matter is greatly appreciated. Thank you, and please do not hesitate to contact us with any questions.

Sincerely yours,

Elliot Friedman

Encls.





